AO 241   (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District  Massachusetts |
|---|---|

| Name<br>David Josselyn | Prisoner No. | Case No. |
|---|---|---|

Place of Confinement
MCI Cedar Junction

| Name of Petitioner (include name under which convicted)<br>David Josselyn | Name of Respondent (authorized person having custody of petitioner)<br>Kathleen Dennehy, Commissioner, Massachusetts Department of Corrections. |
|---|---|

V.

The Attorney General of the State of:  Thomas Riley

# 04 CV 10621 GAO

## PETITION

1.  Name and location of court which entered the judgment of conviction under attack _____

    Middlesex County, 40 Thorndike Street, Cambridge, Massachusetts

2.  Date of judgment of conviction  February 26, 1998

3.  Length of sentence  life

4.  Nature of offense involved (all counts)  Armed Robbery, Habitual Offender

    _____

    _____

    _____

5.  What was your plea?  (Check one)
    (a) Not guilty          X
    (b) Guilty              ☐
    (c) Nolo contendere     ☐
    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

    _____

    _____

6.  If you pleaded not guilty, what kind of trial did you have?  (Check one)
    (a) Jury                X
    (b) Judge only          ☐

7.  Did you testify at the trial?
    Yes ☐   No   X

8.  Did you appeal from the judgment of conviction?
    Yes  X   No  ☐

RECEIPT # _____
AMOUNT $ _25_
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE ___3-31-04___

AO 241    (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court   Massachusetts Appeals Court

   (b) Result   Convictions Affirmed

   (c) Date of result and citation, if known   September 26, 2002, 56 Mass. App. Ct. 1101 (2002)

   (d) Grounds raised   Same as petition

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1) Name of court   Supeme Judicial Court

      (2) Result   Application for Further Appellate Review denied

      (3) Date of result and citation, if known   April 2, 2003

      (4) Grounds raised   Same as peition

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

      (1) Name of court

      (2) Result

      (3) Date of result and citation, if known

      (4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
   Yes   ☐    No    X

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court

      (2) Nature of proceeding

      (3) Grounds raised

_____

_____

_____

(4)  Did you receive an evidentiary hearing on your petition, application or motion?
    Yes  ☐   No  ☐

(5)  Result _____

(6)  Date of result _____

(b)  As to any second petition, application or motion give the same information:

(1)  Name of court _____

(2)  Name of proceeding _____

_____

(3)  Grounds raised _____

_____

_____

_____

_____

(4)  Did you receive an evidentiary hearing on your petition, application or motion?
    Yes  ☐   No  ☐
(5)  Result _____

(6)  Date of result _____

(c)  Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1)  First petition, etc.      Yes  ☐   No  ☐
    (2)  Second petition, etc.    Yes  ☐   No  ☐

(d)  If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12.   State *concisely* every ground on which you claim that you are being held unlawfully.  Summarize *briefly* the *facts* supporting each ground.  If necessary, you may attach pages stating additional grounds and *facts* supporting same.
      CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241   (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b)  Conviction obtained by use of coerced confession.
(c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e)  Conviction obtained by a violation of the privilege against self-incrimination.
(f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g)  Conviction obtained by a violation of the protection against double jeopardy.
(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i)  Denial of effective assistance of counsel.
(j)  Denial of right of appeal.

A.  Ground one:   See Attached _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

B.  Ground two:   See Attached _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

(5)

C.  Ground three: _See Attached_

Supporting FACTS (state *briefly* without citing cases or law): _____
_____
_____
_____
_____

D.  Ground four:  _See Attached_
_____

Supporting FACTS (state *briefly* without citing cases or law): _____
_____
_____
_____
_____
_____

13.    If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____
_____
_____

you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
☐    No    x

name and address, if known, of each attorney who represented you in the following stages of the judgment erein:

iminary hearing   _None_
_____

t and plea
_____

Washington Street, Suite 654 Boston, Massachusetts 02108

(6)



AO 241   (Rev. 5/85)

    (c)  At trial   Barry F. Collins, Jr.  138 Newbury Street Suite 3, Boston, Massachusetts 02116

    (d)  At sentencing   Barry Collins, same as above

    (e)  On appeal   Rosemary Curran Scapicchio, Four Longfellow Place, Boston , Massachusetts 02114

    (f)  In any post-conviction proceeding _____

    (g)  On appeal from any adverse ruling in a post-conviction proceeding _____

16.   Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes     X     No     ☐

17.   Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes     ☐     No     X
    (a)  If so, give name and location of court which imposed sentence to be served in the future: _____

    (b)  Give date and length of the above sentence: _____

    (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes     ☐     No     ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

    March 21, 2004
        Date

_____
Signature of Petitioner

Westlaw.

775 N.E.2d 811 (Table)
**Unpublished Disposition**

Page 1

(Cite as: 56 Mass.App.Ct. 1101, 775 N.E.2d 811, 2002 WL 31132604 (Mass.App.Ct.))

**H**
NOTICE: THIS IS AN UNPUBLISHED OPINION.

Appeals Court of Massachusetts.

COMMONWEALTH,
v.
David JOSSELYN.

No. 00-P-1363.

Sept. 26, 2002.

Defendant was convicted in the Superior Court of armed assault with intent to rob, two counts of armed robbery, unlawful possession of firearm, and unlawfully discharging firearm. Defendant appealed. The Appeals Court held that: (1) videotape identification testimony of police officer and store employees did not violate prohibition against lay testimony on photographic identification; (2) aspects of prosecutor's closing argument were permissible inferences from evidence, did not improperly appeal to jury's sympathy, and did not shift burden of proof to defendant; (3) detective's testimony as to how store cashier described robber's hat and gun was admissible as prior consistent statement; and (4) jury instruction on innocent misrecollection was not error.

Affirmed.

**[1] Criminal Law ⬤═➤453**

110k453 Most Cited Cases

Police officer's testimony, in robbery trial, that it was apparent to him that videotapes of robberies showed same suspect, clothing, and method of operation did not violate prohibition against lay testimony on photographic identification, where trial court struck the testimony and instructed jury that it would have the videotapes to view and that any opinion would be for it to draw.

**[2] Criminal Law ⬤═➤453**

110k453 Most Cited Cases

Store employees' testimony, in robbery trial, that individual depicted in videotapes of other robberies was wearing same clothing as man who had robbed the store did not violate prohibition against lay testimony on photographic identification; store robbery was not videotaped, and thus the testimony was necessary to establish link between the robberies, and the testimony was not directed to ultimate issue of guilt.

**[3] Criminal Law ⬤═➤720(8)**

110k720(8) Most Cited Cases

Prosecutor's closing argument, in robbery trial, that robber used same jacket and same car in all robberies was permissible inference from evidence, where prosecutor's statement was directed at evidence supporting general inference that one person had committed all robberies, including timing of robberies, methods used by robber, and clothing worn by robber.

**[4] Criminal Law ⬤═➤723(1)**

110k723(1) Most Cited Cases

Prosecutor's closing argument, in armed robbery trial, that victims were either confronted with gun or nearby when defendant fired gun did not improperly appeal to jury's sympathy, even though part of argument contained rhetoric and hyperbole; argument focused on suggesting reasonable inferences from evidence, emphasized seriousness of offenses, and was part of response to defense counsel's argument focusing on discrepancies in testimony and absence of certain physical evidence.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

775 N.E.2d 811 (Table)
**Unpublished Disposition**

(Cite as: 56 Mass.App.Ct. 1101, 775 N.E.2d 811, 2002 WL 31132604 (Mass.App.Ct.))

**[5] Criminal Law ⊂⇒730(8)**
110k730(8) Most Cited Cases

Prosecutor's closing argument, in armed robbery trial, that "all of these things the defendant's trying to sell to you must be true for you to find the defendant not guilty" did not shift burden of proof to defendant and, even if erroneous, did not create substantial risk of miscarriage of justice; argument was specific comment on weakness of defendant's claims of discrepancies in eyewitness testimony and weakness of defendant's alibi evidence, and trial court emphasized the state's burden of proof and instructed jury that defendant did not need to rebut any of the state's evidence.

**[6] Criminal Law ⊂⇒338(6)**
110k338(6) Most Cited Cases

Detective's testimony as to how store cashier described, to police at scene of robbery, hat worn and gun displayed by robber was admissible as prior consistent statement, in robbery trial; cashier identified hat and gun at trial, defense counsel cross-examined cashier as to inconsistencies in her trial and grand jury descriptions of hat and gun, prosecutor used cashier's description to police for purpose of rehabilitation, and cashier's description to police bore no indicia of later bias or contrivance.

**[7] Criminal Law ⊂⇒785(3)**
110k785(3) Most Cited Cases

Jury instruction on innocent misrecollection with respect to discrepancies in eyewitness identification was not error in robbery trial, where instruction applied to all witnesses and comported with relevant caselaw, and trial court gave complete instructions on identification, which defendant did not fault.

MEMORANDUM AND ORDER PURSUANT TO
RULE 1:28

***1 In connection with a series of robberies committed on the morning of September 22, 1996, the defendant was convicted by a Superior Court jury of armed assault with intent to rob, G.L. c. 265, § 18, armed robbery (two counts), G.L. c. 265, § 17, unlawful possession of a firearm, G.L. c. 269, § 10

, and unlawfully discharging a firearm, G.L. c. 269, § 12E. He also pled guilty to indictments charging him with being an habitual criminal, G.L. c. 279, § 25. In this appeal, the defendant challenges the identification testimony of lay witnesses, several aspects of the prosecutor's closing argument, the admission of allegedly improper prior consistent statements, and the judge's instruction with respect to discrepancies in identification. We affirm.

1. *Claim of error in allowing identification testimony.* The defendant broadly claims that it was error to admit the videotape identification testimony of a police officer and of two employees of Home Depot, the site of one of the armed robberies. He argues that because these witnesses were unfamiliar with him, they should not have been allowed to identify him from videotapes of two of the robberies with which the defendant was charged.

[1] The defendant's reliance on cases such as *Commonwealth v. Austin,* 421 Mass. 357, 366, 657 N.E.2d 458 (1995), which prohibits lay testimony on the subject of photographic identification, is misplaced. None of the witnesses in question ultimately were permitted to identify the defendant directly, but merely described his clothing and a few physical features. The police officer's testimony that it was apparent to him that the two videotapes showed the same suspect, same clothing, and same method of operation was struck by the judge, who also instructed the jury they would have the tapes to view, and that "any opinion again is an opinion for you to draw or not to draw." In view of the familiar assumption that the jury followed the judge's instructions, the defendant's claim of error in the officer's testimony is without merit. See *Commonwealth v. Stone,* 366 Mass. 506, 513, 320 N.E.2d 888 (1974).

[2] The testimony of the two Home Depot employees, one of whom was confronted at his cash register by the defendant and the other who observed the defendant as he ran from the store, only stated that the individual depicted in the videotapes of the other two robberies was wearing the same clothing as the man who had robbed Home Depot (there was no tape of the Home Depot robbery). The second employee testified over objection. As with the police officer's testimony,

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

775 N.E.2d 811 (Table)
**Unpublished Disposition**

**(Cite as: 56 Mass.App.Ct. 1101, 775 N.E.2d 811, 2002 WL 31132604 (Mass.App.Ct.))**

this evidence did not violate the principles of *Austin.* Compare *Commonwealth v. Bishop,* 9 Mass.App.Ct. 468, 471, 401 N.E.2d 895 (1980). Since there was no videotape of the Home Depot robbery, this testimony was necessary to establish a link between the three separate crimes. Compare *Commonwealth v. Gagnon,* 16 Mass.App.Ct. 110, 127-128, 449 N.E.2d 686 (1983), *S.C.,* 391 Mass. 869, 465 N.E.2d 1180 (1984); *Commonwealth v. Pleas,* 49 Mass.App.Ct. 321, 326-327, 729 N.E.2d 642 (2000).

***2 Finally, there is no merit to the defendant's assertion that any of the challenged testimony was directed to the ultimate issue of the defendant's guilt. See *Commonwealth v. Bishop* 9 Mass.App.Ct. at 471-472, 401 N.E.2d 895. Neither employee testified that the defendant was the man whom they saw in the videotape images and, as noted already, the police officer's testimony to that effect was stricken. For these reasons, and those given in more detail in the Commonwealth's brief at 20-25, we discern no reversible error.

[3] 2. *The prosecutor's closing argument.* In his closing, the prosecutor stated: "[The crimes] were committed within one hour, within ten miles of each other, by a person with the same hat, with the same jacket, with the same gun, and the same car." The defendant claims that there was no evidence to support the assertion that he had worn the same jacket and had used the same car in all three robberies. For the reasons stated at pp. 27-28, 401 N.E.2d 895 of the Commonwealth's brief, we conclude that this argument involved only proper inferences from the evidence and was not error. In short, there was ample evidence here to support the general inference that one person had committed all three of the robberies charged (including the timing of two crimes, the methods used by the robber, and the evidence relating to the similarity of the clothing worn by the robber in all three instances). This is the point to which the contested portion of the prosecutor's argument was directed, not that there was direct evidence that the same car had been used for all of the crimes. Accordingly, there is no merit in the defendant's assertion that the prosecutor fabricated evidence, or otherwise misled the jury.

[4] The defendant also asserts that the prosecutor

improperly appealed to the jury's sympathy by arguing that the victims in the case were the four persons who either were confronted with a gun or who were nearby when the defendant fired a shot. While this part of the prosecutor's argument contained rhetoric and hyperbole, it nevertheless focused on suggesting reasonable inferences the jury might draw from the evidence, and emphasized the seriousness of the crimes committed. The argument was part of the prosecutor's response to defense counsel's closing argument focusing on discrepancies in testimony and the absence of certain physical evidence. The failure of defense counsel to object to this argument or to seek a curative instruction is indicative that it was not viewed as prejudicial at the time. *Commonwealth v. DeJesus,* 17 Mass.App.Ct. 1020, 1021-1022, 460 N.E.2d 207 (1984). Compare *Commonwealth v. Marquetty,* 416 Mass. 445, 450, 622 N.E.2d 632 (1993). Juries are capable of sorting out hyperbole. See *id.* at 451, 622 N.E.2d 632.

[5] The defendant also claims that the prosecutor shifted the burden of proof to the defendant by arguing that "all of these things the defendant's trying to sell to you must be true for you to find the defendant not guilty. That defies logic. It insults your intelligence. It doesn't make sense." Because there was no objection, we review to determine whether a substantial risk of a miscarriage of justice was created. See *Commonwealth v. Bourgeois,* 391 Mass. 869, 884, 465 N.E.2d 1180 (1984).

***3 Contrary to the defendant's assertion, the statement did not suggest to the jury that if they disbelieved the defendant's theory they had to find him guilty, contrast *Commonwealth v. Therrien,* 371 Mass. 203, 206, 355 N.E.2d 913 (1976), but rather was, in context, a very specific comment on the weakness of the defendant's claims of discrepancies in the eyewitness testimony, as well as the weakness of the defendant's alibi evidence. Compare *Commonwealth v. Springer,* 49 Mass.App.Ct. 469, 476, 730 N.E.2d 349 (2000). Moreover, in addition to the judge's repeated emphasis on the Commonwealth's burden of proof, she also instructed the jury that "it is not up to the defendant to convince you that his presence elsewhere is true. The defendant is not required to rebut any of the Commonwealth's evidence." We

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

775 N.E.2d 811 (Table)
**Unpublished Disposition**

(Cite as: 56 Mass.App.Ct. 1101, 775 N.E.2d 811, 2002 WL 31132604 (Mass.App.Ct.))

discern no error, but even if there was error, no substantial risk of a miscarriage of justice was posed.

[6] 3. *Admission of prior consistent statements.* The defendant claims it was error to allow a police detective to testify how a cashier at one of the two stores robbed described items of clothing worn by the man who had confronted her, as well as the gun he had displayed, asserting that this testimony was improper use of prior consistent statements. The cashier was unable to identify the assailant as the defendant at trial, but had provided the police at the scene with descriptions of the hat and jacket he had worn, and identified the hat and the gun at trial. During cross-examination, defense counsel dwelled on inconsistencies in the descriptions of the hat and the gun between her trial and grand jury testimony. Immediately following cross examination the prosecutor used the contested statements she had made to the police shortly after the incident for the purpose of rehabilitation.

The statements properly were admitted in the judge's discretion. See *Commonwealth v. Rivera,* 430 Mass. 91, 99-100, 712 N.E.2d 1127 (1999). Moreover, because these statements were made to the police at the scene they bore no indicia of later bias or contrivance. Compare *Commonwealth v. Kindell,* 44 Mass.App.Ct. 200, 202-203, 689 N.E.2d 845 (1998). There is no merit in the defendant's assertion that the testimony was sought without determining whether the cashier had made statements to the police. That assertion has no record support. There was no error.

Also, the reasons given in the Commonwealth's brief at 18-20 adequately address the issues of pretrial identification raised in the defendant's brief at 44-46, and require no further discussion.

[7] 4. *The "innocent misrecollection" instruction.* The defendant sweepingly asserts that the judge "did not state the law clearly or correctly," and that reversal of his convictions is required, but neither offers a "correct" statement of the law, nor any reasoned argument as to how the jury was led to any error. There was no objection or request for a relevant jury instruction. The challenged instruction was given at the end of the judge's instructions on

assessing the testimony of witnesses. Because the instruction applied to all witnesses, is in conformity with *Commonwealth v. Pressley,* 390 Mass. 617, 620, 457 N.E.2d 1119 (1983), and the judge gave complete instructions on identification, which the defendant does not fault, we discern no error.

***4 *Judgments affirmed.*

775 N.E.2d 811 (Table), 56 Mass.App.Ct. 1101, 2002 WL 31132604 (Mass.App.Ct.)END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works