UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID JOSSELYN, ) | 2004 JUL 29 P 12: 31 |
| Petitioner, ) | DISTRICT COURT |
| ) | DISTRICT OF MASS |
| v. ) | Civil Action No. 04-10621-GAO |
| KATHLEEN KENNEDY, ) | |
| Respondent. ) | |

**ASSENTED-TO MOTION TO EXTEND TIME
TO RESPOND TO PETITION FOR WRIT OF HABEAS CORPUS**

The respondent, by and through her counsel, the Attorney General of the Commonwealth of Massachusetts, hereby requests that the Court extend the time within which she must respond to the Petition for Writ of Habeas Corpus that is the subject of the captioned action. By this motion, the respondent requests an extension to and including August 27, 2004. The petitioner's counsel has assented to the requested extension. As grounds for this motion, the respondent states as follows:

1. The records relating to the petitioner's underlying state-court convictions are maintained by the Office of the District Attorney for Middlesex County (the "Middlesex D.A.").

2. Upon receipt of this Court's Order, the undersigned assistant attorney general promptly made a request to the Middlesex D.A. for assembly and production of relevant portions of the underlying state-court record, including, but not limited to, copies of the trial transcripts and post-conviction proceedings. The undersigned counsel has not yet received all of the state-court records, including the trial transcripts, the petitioner's appeals court brief, or the petitioner's application for further appellate review to the Massachusetts Supreme Judicial Court.

3. Without the relevant records, the respondent cannot meaningfully evaluate threshold defenses under the Antiterrorism and Effective Death Penalty Act (AEDPA), such as whether the

petitioner properly exhausted available state-court remedies as required by 28 U.S.C. § 2254(b)(1) and whether the petition is timely filed in accordance with 28 U.S.C. § 2244(d).

4. The extension sought herein will enable the respondent to compile and evaluate all of the relevant records, and, thereby, be in a position to meaningfully respond to the petition.

**WHEREFORE**, the present motion should be allowed and an order should enter allowing the respondent up to and including August 27, 2004 to answer or otherwise respond to the petition.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

Dated: July 26, 2004

*/s/ Natalie S. Monroe*
Natalie S. Monroe (BBO # 562383)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, MA 02108
(617) 727-2200, x2833

### RULE 7.1 CERTIFICATION

I hereby certify that I conferred with the plaintiff's counsel, Rosemary Scapicchio, Esq., by telephone on July 22, 2004. Ms. Scapicchio assented to the requested extension.

*/s/ Natalie S. Monroe*
Natalie S. Monroe

### Certificate of Service

I, Natalie S. Monroe, hereby certify that, on July 26, 2004, I caused to be served a true and correct copy of the foregoing document by mailing a copy of the same by first-class mail, postage prepaid, and addressed to the petitioner's counsel, Rosemary C. Scapicchio, Esq., Four Longfellow Place, Suite 3703, Boston, Massachusetts 02114.

*/s/ Natalie S. Monroe*
Natalie S. Monroe



THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

July 26, 2004

Anthony Anastas, Clerk
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

      Re:    Josselyn v. Kennedy,
             Civil Action No. 04-10621-GAO

Dear Mr. Anastas:

    Enclosed please find the Respondent's *Assented-to Motion to Extend Time to Respond to Petition for Writ of Habeas Corpus* for filing in the above-referenced matter.

    Please do not hesitate to contact me if you have any questions. Thank you very much for your assistance.

                            Sincerely,

                            Natalie S. Monroe
                            Tel. (617) 727-2200, ext. 2833

Enclosure

cc:    Rosemary C. Scapicchio, Esq. (with enclosure)