UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10621-GAO

DAVID JOSSELYN,
Petitioner,

v.

KATHLEEN DENNEHY,
Respondent.

MEMORANDUM AND ORDER
March 10, 2005

O'TOOLE, D.J.

The respondent has moved to dismiss the petition for a writ of habeas corpus for the reason that it is a "mixed" petition, containing claims for relief as to which the petitioner has not fully exhausted available state remedies because he did not fairly present those claims to the highest state court, as well as claims as to which available state remedies have been properly exhausted. See 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509 (1982).

After his conviction in the Massachusetts Superior Court, the defendant pursued a direct appeal to the Commonwealth's intermediate appellate court, which affirmed his conviction. He then filed with the Supreme Judicial Court ("SJC"), the Commonwealth's appellate court of last resort, an application for leave to obtain further appellate review ("ALOFAR"). Whereas he had made six claims of error in his intermediate appeal, he narrowed the claims to four in his ALOFAR. The four claims in the ALOFAR correspond to the first, third, fifth, and sixth grounds asserted in his petition to this Court for habeas relief. Each of those claims was presented in the ALOFAR in a minimally sufficient way so as to have alerted a reasonable jurist that the petitioner was claiming, among other

things, that his federal constitutional rights had been violated. See Barresi v. Maloney, 296 F.3d 48, 51-52 (1st Cir. 2002). For habeas purposes, those claims are adequately exhausted.

The second and fourth grounds in his habeas petition, however, are not properly exhausted. Those grounds had been presented to the Appeals Court (whether under state or federal law is immaterial) but were not presented in any terms to the SJC in the ALOFAR. Determining what claims have been fully exhausted by presentation to the SJC is ordinarily accomplished simply by examining the ALOFAR. See Adelson v. DiPaola, 131 F.3d 259, 263 (1st Cir. 1997) ("[T]he decisive pleading is the application for further appellate review, and we must determine whether the petitioner fairly presented the federal claim to the SJC within 'the four corners' of that application.")(quoting Mele v. Fitchburg Dist. Court, 850 F.2d 817, 823 (1st Cir. 1988)). Under some circumstances, it may also be appropriate to consult the pleadings and briefs filed in the lower courts to gain a proper understanding of what issues the ALOFAR proposes to raise. See Barresi, 296 F.3d at 52. For example, ambiguous phrasing in the statement of an issue in the ALOFAR may lead to uncertainty about whether the argument is intended to be advanced under state or federal law. Consulting the manner in which the same issue was framed in prior pleadings may resolve the ambiguity. See Scarpa v. DuBois, 38 F.3d 1, 7 & n.1 (1st Cir. 1994).[1] But the clear omission of an earlier made argument from the ALOFAR signals its abandonment, and in this circumstance "it is entirely appropriate to limit the exhaustion inquiry to the 'four corners' of the ALOFAR." Barresi, 296 F.3d at 52 & n.1.

---

[1] The Supreme Court's decision last year in Baldwin v. Reese, 541 U.S. 27 (2004), limited the extent to which the "fairly presented" determination could be made by reference to issues found in the record of lower state court proceedings but not squarely presented in the application for review made to the highest state court. That decision may vitiate much of the Barresi-Scarpa exception to the "four corners" rule. However, that conclusion is not a necessary predicate to the resolution of the issues addressed here.

Because the petitioner has not exhausted available state remedies as to the second and fourth grounds of the present petition, their presence makes the petition a "mixed" one subject to dismissal pursuant to the rule of Rose v. Lundy.

The petitioner alternately asks that the litigation of the fully exhausted claims be stayed while he returns to the state courts to exhaust the unexhausted claims. The request might be seriously entertained if he were to suggest some reason why he had not been able in his direct appeal to ask the SJC to review those grounds as well as the others that were presented. Rather, it appears that it was his choice, advised by counsel, to narrow his application to the SJC by abandoning the omitted claims of error. It is unwise and inconsiderate of the plain congressional purpose in imposing a relatively short limitations period for habeas petitions to grant a stay in these circumstances so that a petitioner may tardily pursue claims that he voluntarily chose not to present fully to the state courts.

Accordingly, the entire petition will be dismissed unless the petitioner elects to voluntarily dismiss the two unexhausted claims within 35 days from the date of this order. If he does so elect, those claims shall be dismissed without prejudice, and the petition shall be entertained on the merits as to the four exhausted claims.

It is SO ORDERED.


March 10, 2005                             \s\ George A. O'Toole, Jr.
DATE                                       DISTRICT COURT